Stanley R. Apps, Esq. (SBN 309425)
Law Offices of Robert S. Gitmeid, P.C.
11818 Moorpark Street, Unit R
Studio City, CA 91604
Tel: (310) 709-3966
Email: stanley.a@gitmeidlaw.com
         stan@appsatlaw.com

*Attorneys for Plaintiff Preston Adame*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| Preston Adame, | **Case no.** |
|---|---|
| Plaintiff, vs. | **COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT [15 USC § 1681 et seq.]** |
| TransUnion, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

COMES NOW the plaintiff by and through her attorney of record, and hereby files this complaint and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA"). The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## II. JURISDICTION

2.1 This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

2.2 Venue is proper to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in California.

2.3 Personal jurisdiction over Defendant is proper in this judicial District, because Defendant carries on business on a continuous basis in the state of California in this judicial District.

### III. PARTIES

3.1 Plaintiff Preston Adame (hereinafter "Plaintiff") was, at all times relevant hereto, a resident of Yucaipa, California. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

3.2 Defendant TransUnion, LLC ("TransUnion") is a limited liability company that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661. TransUnion is a "consumer reporting agency" ("CRA") as defined in Section 1681a(f) of the FCRA. TransUnion is one of the largest CRAs in the world.

### IV. FACTS

4.1 Sterling Jewelers, Inc. d/b/a Genesis FS Card Services ("Sterling Jewelers ") issued an account ending in 6737 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

4.2  The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

4.3  On or about September 11, 2018, Plaintiff and Sterling Jewelers entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A**.

4.4  Pursuant to the terms of the settlement, Plaintiff was required to make three (3) monthly payments totaling $658.35 to settle and close her Sterling Jewelers account.  Plaintiff, via her debt settlement representative, timely made the requisite settlement payments.

4.5  However, over two years later, Plaintiff's account continued to be negatively reported by the current creditor, Resurgent Capital Services.

4.6  In particular, on a requested credit report dated February 17, 2021, Plaintiff's account was reported with a status of "COLLECTION" and a past due balance of $1,738.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit B**.

4.7  This trade line was inaccurately reported; as explained above, the account was settled and paid in full, and as such, must be reported as 'settled' with a balance of $0.00.

4.8  On or about February 18, 2021, Plaintiff, via counsel, sent a dispute letter to Defendant requesting the trade line to be corrected. A redacted copy of this dispute letter is attached hereto as **Exhibit C**.

4.9 Therefore, Plaintiff has disputed the accuracy of the derogatory information reported by Resurgent Capital Services to the Consumer Reporting Agencies via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

4.10 In March of 2021, Plaintiff requested an updated credit report from each Defendant credit reporting agency. The tradeline for Plaintiff's Resurgent Capital Services account remained inaccurate, as Defendant failed to correct the inaccuracy. The relevant portion of the March 2021 credit reports are attached herein as **Exhibit D**.

4.11 TransUnion did not notify Resurgent Capital Services of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Resurgent Capital Services and Resurgent Capital Services failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

4.12 Defendant failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began.

4.13 At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

4.14 At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

**STATEMENT OF CLAIM**
(Fair Credit Reporting Act)

5.1 Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

5.2  Plaintiff notified the defendant of a dispute on the Resurgent Capital Services account's completeness and/or accuracy, as reported.

5.3  TransUnion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

5.4 TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

5.5 As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

5.6 As a result of the above violations of the FCRA, TransUnion is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, PLAINTIFF PRAYS that judgment be entered against Defendant as follows:

1) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2) That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n;

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4) That the Court grant such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: April 2, 2021                              Law Offices of Robert S. Gitmeid, P.C.

*/s/ Stanley R. Apps, Esq.*
Stanley R. Apps, Esq. (SBN 309425)

*Attorneys for Plaintiff Preston Adame*

Email: stanley.a@gitmeidlaw.com